Filippidis v Multi-Pak Corp. (2022 NY Slip Op 04091)

Filippidis v Multi-Pak Corp.

2022 NY Slip Op 04091

Decided on June 23, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 23, 2022

Before: Manzanet-Daniels, J.P., Webber, Gesmer, Scarpulla, Shulman, JJ. 

Index No. 162301/19 Appeal No. 16187 Case No. 2022-00242 

[*1]Dimitrios Filippidis, Plaintiff-Respondent,
v
Multi-Pak Corporation, Defendant-Respondent, Milford Management Corp., Defendant-Appellant.

Mischel & Horn, P.C., New York (Christen Giannaros of counsel), for appellant.
The Law Firm of Bisogno & Meyerson, Brooklyn (Elizabeth Mark Meyerson of counsel), for Dimitrios Filippidis, respondent.
O'Toole Scrivo, LLC, New York (Larry C. Green of counsel), for Multi-Pak Corporation, respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered January 5, 2022, which, insofar as appealed from as limited by the briefs, denied defendant Milford Management Corp.'s (Milford) motion for summary judgment dismissing the complaint as against it, unanimously affirmed, with costs.
Milford failed to sustain its burden of demonstrating that plaintiff was its special employee at the time of the accident (see Fung v Japan Airlines Co, Ltd, 9 NY3d 351, 359 [2007]). The management agreement it submitted in support of its defense had expired by its terms years before the accident and the extension expressly did not take effect until after the accident. The affidavit of Milford's managing director was insufficient because she was not employed by Milford at the time of the accident, had no personal knowledge of the working relationship between plaintiff and Milford at that time that was sufficient to justify deeming Milford plaintiff's special employer, and she did not cite any other document or source of information for the claim that plaintiff was a special employee (see Bellamy v Columbia Univ., 50 AD3d 160, 162-163 [1st Dept 2008]).
Although it was undisputed that Milford was the managing agent of the premises where the accident occurred, it may still be liable to plaintiff because the complaint alleged active negligence by Milford in connection with repairs to the compactor that caused plaintiff's injuries (see Humareda v 500A E. 87th St., LLC, 117 AD3d 533, 534-535 [1st Dept 2014]). Moreover, Milford did not demonstrate that it was not in complete control of the building (cf. Caldwell v Gumley-Haft LLC, 55 AD3d 408 [1st Dept 2008]).
We have considered Milford's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 23, 2022